UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| MOBILITY WORKX, LLC,<br><br>   *Plaintiff*,<br> v.<br><br>ADVANCED MICRO DEVICES, INC., and XILINX, INC.,<br><br>   *Defendants*. | Case No. 7:26-cv-00062<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Mobility Workx, LLC ("Plaintiff" or "Mobility Workx") files this complaint against Defendants Advanced Micro Devices, Inc. ("AMD"), and Xilinx, Inc. ("Xilinx") (AMD and Xilinx collectively "Defendant") for infringement of U.S. Patents Nos. 7,697,508, 8,213,417, and 7,231,330 (collectively the "Patents in Suit").

### I. PARTIES

1. Plaintiff Mobility Workx LLC is a Florida limited liability company that maintains its principal place of business in this District at 215 Circle Drive, Winters, TX 79567.

2. Mobility Workx is the owner of U.S. Patent No. 7,697,508 (the "'508

1

Patent"), entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued April 13, 2010.

3. Mobility Workx is the owner of U.S. Patent No. 8,213,417 (the "'417 Patent"), entitled "System, Apparatus, and Methods for Proactive Allocation of Wireless Communication Resources," issued July 3, 2012.

4. Mobility Workx is the owner of U.S. Patent No. 7,231,330 (the "'330 Patent"), entitled "Rapid Mobility Network Emulator Method and System," issued June 12, 2007.

5. On information and belief, Defendant Advanced Micro Devices, Inc. is a corporation organized and existing under the laws of the state of Delaware that is registered to do business in Texas and has regular and established places of business in this District at: (i) 1340 Airport Commerce Drive, Austin, TX 78741; (ii) 7000 West William Cannon Drive, Austin, TX 78735; (iii) 7171 Southwest Parkway, Austin, TX 78735; and/or, (iv) 12301 Research Blvd., Suite 300, Austin, TX 78759. On information and belief, Defendant Xilinx, Inc., may be served at least via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

6. On information and belief, Defendant Xilinx, Inc. is a corporation organized and existing under the laws of the state of Delaware that is registered to do business in Texas. On information and belief, as of or about February 2022,

Xilinx, Inc., is a wholly owned subsidiary of Advanced Micro Devices, Inc. On information and belief, Defendant Xilinx, Inc., has some or all of the same regular and established places of business in this District as Defendant Advanced Micro Devices, Inc. On information and belief, Defendant Xilinx, Inc., may be served at least via its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

7. Defendant owns and operates the website www.amd.com through which it offers for sale, sells, offered for sale, and/or sold products and services that infringe the Patents in Suit.

## II. JURISDICTION AND VENUE

8. Mobility Workx's patent infringement claims arise under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

9. This Court has personal jurisdiction over Defendant because it is a resident of this District, conducts substantial business throughout Texas, including in this District, and derives substantial revenue from products and/or services it makes, uses, offers to sell, sells, or imports in Texas and this District that infringe the Patents in Suit.

10. Venue is proper in this District and division pursuant to

28 U.S.C. §§ 1391 and 1400, because Defendant has both committed acts of infringement and has a regular and established place of business in this District as set forth above.

### III.   COUNT I: INFRINGEMENT OF THE '508 PATENT

11.   Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein. Mobility Workx further alleges as follows:

12.   Mobility Workx is the owner by assignment of all rights, title, and interest in the '508 Patent. A copy of the '508 patent is attached hereto as Exhibit 1. The claims of the '508 Patent are presumed valid and enforceable for the period of the '508 Patent's term.

13.   Upon information and belief, Defendant makes, uses, offers for sale, sells, or imports certain products and services ("Accused Handover Products/Services") in the United States and in this District that directly infringe one or more claims of the '508 Patent literally or under the doctrine of equivalents, including at least claims 7 and 14 of the '508 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 2.

14.   Upon information and belief, Defendant knowingly and intentionally induces infringement of the '508 Patent in violation of 35 U.S.C. § 271(b). Prior to, or at least through, the filing and service of this complaint, Defendant knew of the

'508 Patent and the infringing nature of the Accused Handover Products/Services. Defendant however continues to actively encourage users of its products and services to make and use the Accused Handover Products/Services so as to directly infringe the '508 Patent. Defendant does so with knowledge and intent that the users of its products and services commit these acts of infringement.

15. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Handover Products/Services despite knowing of the '508 Patent, thereby specifically intending for and inducing users of its products and services to infringe the '508 Patent through their ordinary use of the Accused Handover Products/Services.

16. On information and belief, Defendant contributes to infringement of the '508 Patent by making, using, offering to sell, selling, and/or importing the Accused Handover Products/Services that have no substantial non-infringing uses.

17. To the extent Defendant has infringed or continues to infringe after knowledge of the '508 Patent, such infringement is deliberate, knowing, and willful under 35 U.S.C § 271.

18. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement of the '508 Patent, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

19. Mobility Workx is entitled to pre-suit damages for infringement of the '508 Patent because the marking requirement of 35 U.S.C. § 287 does not apply.

20. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## IV. COUNT II: INFRINGEMENT OF THE '417 PATENT

21. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

22. Mobility Workx is the owner by assignment of all rights, title, and interest in the '417 Patent. A copy of the '417 Patent is attached hereto as Exhibit 3. The '417 Patent was subject to an *Inter Partes* Review and claims 3 and 6 remain valid and enforceable for the period of the '417 Patent's term.

23. Upon information and belief, Defendant made, used, offered for sale, sold, or imported Accused Handover Products/Services in the United States and in this District that directly infringed one or more claims of the '417 Patent, literally or under the doctrine of equivalents, including at least claims 3 and 6 of the '417 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 4.

24. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement of the '417 Patent, but in no event less than a reasonable royalty for the use made of the invention by the infringer, Defendant, together with interest and costs as fixed by the Court.

25. Mobility Workx is entitled to pre-suit damages for infringement of the '417 Patent because the marking requirement of 35 U.S.C. § 287 does not apply.

26. The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## V.   COUNT III: INFRINGEMENT OF THE '330 PATENT

27. Mobility Workx hereby restates, realleges, and incorporates by reference the foregoing paragraphs of the Complaint as if fully stated herein.

28. Mobility Workx is the owner by assignment of all rights, title, and interest in the '330 Patent. A copy of the '330 patent is attached hereto as Exhibit 5. The claims of the '330 Patent are presumed valid and enforceable for the period of the '330 Patent's term.

29. Upon information and belief, Defendant made, used, offered for sale, sold, or imported certain products and services ("Accused Emulation Products/Services") in the United States and in this District that directly infringed one or more claims of the '330 Patent, literally or under the doctrine of equivalents, including at least claims 1-19 of the '330 Patent as set forth in the preliminary infringement claim chart attached as Exhibit 6.

30. Mobility Workx, under 35 U.S.C. § 284, may recover damages adequate to compensate for Defendant's infringement of the '330 Patent, but in no event less than a reasonable royalty for the use made of the invention by the

infringer, Defendant, together with interest and costs as fixed by the Court.

31.　　Mobility Workx is entitled to pre-suit damages for infringement of the '330 Patent because the marking requirement of 35 U.S.C. § 287 does not apply.

32.　　The Court should declare this an exceptional case under 35 U.S.C. § 285, entitling Mobility Workx to recover treble damages and attorneys' fees.

## **PRAYER FOR RELIEF**

Mobility Workx respectfully requests that the Court enter:

a.　　A judgment that the Patents in Suit are valid and enforceable for the periods of their terms;

b.　　A judgment that Defendant infringed directly and indirectly, either literally and/or under the doctrine of equivalents, the Patents in Suit;

c.　　A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the Patents in Suit;

d.　　A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees against Defendant;

e.　　Any and all injunctive or equitable relief to which Mobility Workx is entitled, including but not limited to ongoing royalties with respect to Defendant's infringement of the Patents in Suit; and,

f.      Any and all other relief as the Court may deem appropriate and just under the circumstances.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: February 23, 2026                             Respectfully Submitted,

*/s/ Daniel Ravicher*
Daniel Ravicher (Bar No. 3956000)
ZEISLER PLLC
80 SW 8th St Suite 3110
Miami, FL 33130
Phone: (786) 505-1205
dan@zeisler-law.com

*Counsel for Plaintiff*